1  PAUL L. REIN, Esq. (SBN 43053)
   AARON M. CLEFTON, Esq. (SBN 318680)
2  REIN & CLEFTON, Attorneys at Law
   200 Lakeside Drive, Suite A
3  Oakland, CA 94612
   Telephone: 510/832-5001
4  Facsimile: 510/832-4787
   info@reincleftonlaw.com
5
   Attorneys for Plaintiff
6  JAYSON KINCAID

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11 JAYSON KINCAID,                      CASE NO.
                                        Civil Rights
          Plaintiff,
12                                      COMPLAINT FOR PRELIMINARY AND
       v.                               PERMANENT INJUNCTIVE RELIEF AND
13                                      DAMAGES: DENIAL OF CIVIL RIGHTS AND
                                        ACCESS TO PUBLIC FACILITIES TO
14 MONTCLAIR PHYSICAL THERAPY,          PHYSICALLY DISABLED PERSONS, PER
   INC. dba ACTIVE METHOD PHYSICAL      FEDERAL AND CALIFORNIA STATUTES
15 THERAPY; DAVID E. BELL,              (including CIVIL CODE §§ 51, 52, 54, 54.1, 54.3
                                        and 55; and HEALTH & SAFETY CODE §§
16                                      19953 et seq.); INJUNCTIVE RELIEF PER
          Defendants.                   TITLE III, AMERICANS WITH DISABILITIES
17                                      ACT OF 1990 (including 42 USC §§ 12181 et
                                        seq.)
18
                                        DEMAND FOR JURY TRIAL
19

20        Plaintiff JAYSON KINCAID complains of Defendants MONTCLAIR PHYSICAL

21 THERAPY, INC. dba ACTIVE METHOD PHYSICAL THERAPY and DAVID E. BELL, and

22 each of them, and alleges as follows:

23        1.    **INTRODUCTION:** This case involves barriers to disabled access that prevented

24 and continue to prevent disabled Plaintiff JAYSON KINCAID from fully accessing the Active

25 Method Physical Therapy (formerly known as Montclair Physical Therapy) located at 473 34th

26 Street, Oakland, CA, except under discriminatory and dangerous conditions. Among other

27 barriers, the only way to access this business is to climb up 10 stairs, and the handrails of the

28 stairs fail to extend all the way to the bottom step. Plaintiff uses a cane to assist with mobility and

                                        1

balance when he ambulates. He requires the use of hand rails when he climbs or descends stairs. It is very important for his balance for him to have his cane in one hand and a sturdy handrail to support himself on the other. If there is no handrail, Plaintiff is at significant risk of falling, which is exactly what happened during his August 14, 2019, visit to the subject premises.

2.      Defendants denied disabled Plaintiff JAYSON KINCAID accessible public facilities, including a compliant entry door and handrails at the Active Method Physical Therapy ("Physical Therapy Clinic") located at 473 34th Street, Oakland, CA. Plaintiff JAYSON KINCAID is a "person with a disability" or "physically handicapped person" who requires the use of a cane for mobility and balance. He is unable to use portions of public facilities which are not accessible to mobility disabled persons. On or about July 16, 2019, July 31, 2019, August 14, 2019, and September 11, 2019, Plaintiff was denied his rights to full and equal access at the Physical Therapy Clinic. He was denied his civil rights under both California law and federal law, and continues to have his rights denied, because these facilities were not, and are not now, properly accessible to physically disabled persons, including those who use assistive devices for mobility or have difficulty climbing stairs.

3.      Plaintiff seeks injunctive relief to require Defendants to make these facilities accessible to disabled persons and to ensure that any disabled person who attempts to patronize the subject premises will be provided accessible facilities. Plaintiff also seeks recovery of damages for his discriminatory experiences and denial of access and of civil rights, which denial is continuing as a result of Defendants' failure to provide disabled accessible facilities. Plaintiff also seeks recovery of reasonable statutory attorney fees, litigation expenses and costs, under federal and state law.

4.      **JURISDICTION:** This Court has jurisdiction of this action pursuant to 28 USC section 1331 for violations of the Americans with Disabilities Act of 1990, 42 USC sections 12101 *et seq.* Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of Health & Safety Code sections 19953-19959; California Civil Code sections 51, 52, 54, 54.1, 54.3 and 55; and Title 24 California Code of Regulations, the California State Building

1  Code.

2       5.      **VENUE:**  Venue is proper in this court pursuant to 28 USC section 1391(b) and is

3  founded on the fact that the real property which is the subject of this action is located in this

4  district and that Plaintiff's causes of action arose in this district.

5       6.      **INTRADISTRICT:**  This case should be assigned to the Oakland intradistrict as

6  the real property which is the subject of this action is located in this intradistrict and Plaintiff's

7  causes of action arose in this intradistrict.

8       7.      **PARTIES:**   Plaintiff is a qualified physically disabled person who uses a cane for

9  mobility and balance due to degenerative conditions in his back and ankles as a result of his

10  military service.  Plaintiff is a 100% service connected disabled veteran due to a combination of

11  his ankle and back injuries as well as Post Traumatic Stress Syndrome.  He has been issued a

12  California disabled parking placard which entitles him to park in a properly configured disabled

13  accessible parking space.

14       8.      Defendants MONTCLAIR PHYSICAL THERAPY, INC. dba ACTIVE

15  METHOD PHYSICAL THERAPY and DAVID E. BELL, are and were the owners, operators,

16  lessors and/or lessees of the subject business, property and buildings at all times relevant to this

17  Complaint.  Plaintiff is informed and believes that each of the Defendants herein is the agent,

18  employee or representative of each of the other Defendants, and performed all acts and omissions

19  stated herein within the scope of such agency or employment or representative capacity and is

20  responsible in some manner for the acts and omissions of the other Defendants in proximately

21  causing the damages complained of herein.

22       9.      The Physical Therapy Clinic is a place of "public accommodation" and "business

23  establishment" subject to the requirements of multiple categories of 42 USC section 12181(7)(F)

24  of the Americans with Disabilities Act of 1990, including professional offices of a health care

25  provider; of California Health & Safety Code sections 19953 *et seq.*; of California Civil Code

26  sections 51 *et seq.*; and of California Civil Code sections 54 *et seq.*  On information and belief,

27  the Physical Therapy Clinic and its facilities were built after July 1, 1970, and since then have

28  undergone construction and/or "alterations, structural repairs, or additions," subjecting each such

facility to disabled access requirements per Health & Safety Code sections 19955-19959 *et seq.*, and, as to construction and/or alterations since January 26, 1993, to the disabled access requirements of section 12183 of the Americans with Disabilities Act of 1990. Such facilities constructed or altered since 1982 are also subject to "Title 24," the California State Architect's Regulations, also known as the California Building Code. Further, irrespective of the alteration history, such premises are subject to the "readily achievable" barrier removal requirements of Title III of the Americans with Disabilities Act of 1990, as defined by the ADA. 42 USC § 12181(9).

**FIRST CAUSE OF ACTION:**
**DAMAGES AND INJUNCTIVE RELIEF**
**FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES  IN A**
**PUBLIC ACCOMMODATION**
**(California Health & Safety Code §§ 19955 *et seq.*, California Business & Professions**
**Code §§ 17200 *et seq.*; Civil Code §§ 54 *et seq.*)**

10.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 9, above, and incorporates them herein by reference as if separately repled hereafter.

11.     Plaintiff JAYSON KINCAID and other similarly situated physically disabled persons, including those who require the use of an assistive device for mobility, are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of California Health & Safety Code sections 19955 -19959. Plaintiff is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code sections 19955 *et seq.* Further, Plaintiff is also protected against policy and architectural barrier discrimination by California Civil Code sections 54 and 54.1, the "Disabled Persons Act." "Individuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places." Civil Code § 54(a). Furthermore, "Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages,

4

facilities, . . . places of public accommodation, amusement, or resort, and other places to which the general public is invited."  Civil Code § 54.1(a).  Additionally, any violation of the ADA, including but not limited to any violation of 42 USC sections 12182 and 12183, is also incorporated as a violation of the Disabled Persons Act.  Civil Code §§ 54(c), and 54.1(d).

12.     Title 24, California Code of Regulations, formerly known as the California Administrative Code and now also known as the California Building Code, was in effect at the time of each alteration which, on information and belief, occurred at such public facility since January 1, 1982, thus requiring access complying with the specifications of Title 24 whenever each such "alteration, structural repair or addition" was carried out.  On information and belief, Defendants and/or their predecessors in interest carried out new construction and/or alterations, structural repairs, and/or additions to such buildings and facilities during the period Title 24 has been in effect.  Further, Plaintiff alleges, on information and belief, that construction, alterations, structural repairs, and/or additions which triggered access requirements at all relevant portions of the Physical Therapy Clinic, also occurred between July 1, 1970, and December 31, 1981, and required access pursuant to the A.S.A. (American Standards Association) Regulations then in effect, pursuant to the incorporated provisions of California Government Code sections 4450 *et seq*.  Further, on information and belief, additions to the building after the initial construction also occurred after January 1, 1972, triggering access requirements per Health and Safety Code section 19959, and as to alterations or additions after January 26, 1993, triggering ADA liability and requirements per 42 USC sections 12182 and 12183 of the ADA.

13.     **FACTUAL STATEMENT**:  Plaintiff is a disabled veteran and therefore receives his care through the Veterans Health Administration ("VA").  However, due to long wait times for certain appointments at VA facilities, the VA sometimes refers their patients to private facilities through the Veteran Community Care Program.  Plaintiff was referred to Defendants' Physical Therapy Clinic through this program.  Plaintiff requires physical therapy on weekly basis to help alleviate symptoms exacerbated by his ankle and back conditions.  Following his second back surgery for a fusion at his L4/L5 vertebrae, Plaintiff found that going to physical therapy more than once a week was beneficial.  Unfortunately, the clinic he was using previously

5

did not have openings for multiple appointments per week, so Plaintiff was referred to Montclair Physical Therapy for some of his extra appointments.

14.     On July 16, 2019, Plaintiff went to the Physical Therapy Clinic for his first appointment.  Plaintiff was disappointed to see that the only entrance to the Physical Therapy Clinic was up ten stairs.  Further, he was concerned that the configuration of the handrails servicing the flight of stairs did not reach all the way to the bottom of the steps.  However, due to his significant need for physical therapy and the difficulty in getting appointments at physical therapy clinics in general, Plaintiff decided to climb the stairs and attend his appointment.

15.     Once inside the Physical Therapy Clinic, Plaintiff was able to attend his appointment and receive treatment but the path of travel inside of the building was also difficult to manage.  There were changes in level, and the hallways were very narrow which made it difficult for Plaintiff to maneuver through.

16.     Plaintiff liked the physical therapist who treated him at the Physical Therapy Clinic, and he thought he received excellent care while he was there.  Therefore, Plaintiff decided to continue treating at the Physical Therapy Clinic despite his difficulty accessing the premises. He returned to the Physical Therapy Clinic for an appointment on July 31, 2019.  Plaintiff had the same difficulty navigating the stairs up to the front door, the path of travel inside the Physical Therapy Clinic, and getting back down the stairs upon exiting the clinic.  However, he continued to receive excellent care during his appointments, and he knew it would be difficult to find a different place for treatment.

17.     Plaintiff attended his next appointment at the Physical Therapy Clinic on August 14, 2019.  He again climbed the 10 stairs up to the entrance door with difficulty, attended his appointment, and exited the Physical Therapy Clinic.  After exiting the door, Plaintiff began to descend the 10 stairs.  In order to do so, he held his cane in his right hand and used his left hand to grab onto the handrail.  When descending stairs, Plaintiff uses his cane for balance, but since the handrail is fixed to a wall and thus can provide more stability, he leans heavily on the handrail to relieve the pressure on his ankles as he descends the stairs.  On August 14, 2019, Plaintiff was descending the stairs outside of the Physical Therapy Clinic in his usual manner, however, when

6

he got to the bottom step, his cane slipped in some standing water.  As he grabbed for the handrail with his left hand, he had the horrible realization that the handrail did not extend through the bottom step, but instead ended abruptly on the second to last step.

18.     Plaintiff fell face first onto the bottom step.  After falling, he rested on the bottom step for a moment in an effort to gain his composure.  Plaintiff felt humiliated for having fallen in public.  He was also angry because he felt that the fall could easily have been avoided if the handrail had extended all the way through the bottom step.  He did not understand why a medical services provider was not accessible to him.  After he gathered himself, he climbed the stairs again to tell the receptionist of the Physical Therapy Clinic what had happened in the hopes that she would be able to start the process of fixing the issue so that the same thing would not happen to anyone else.  Unfortunately, the employee Plaintiff spoke with was not receptive to him at all.  She dismissed his suggestion to fix the handrail completely which made Plaintiff feel even more embarrassed and angry.

19.     Plaintiff descended the stairs again, much more carefully this time and drove home.  Over the next few days, Plaintiff realized that the fall had affected him more than he initially thought.  His ankles and back were more sore and achy than usual, and he had to curtail his activity for a few weeks following the fall.  In fact, for the first week he tried his best not to leave his house due to his pain.

20.     Plaintiff returned to the Physical Therapy Clinic for another treatment on September 11, 2019.  He had a slight hope that the handrail issue may have been resolved due to his complaint even though it had not been well received, but the premises remained the same as they had been the day he fell.  Plaintiff climbed the stairs to go to his appointment.  He felt embarrassed and uncomfortable due to his fall and the way he had been treated when he complained about the accessibility issues.  He tried once more to discuss the accessibility issues with the receptionist on duty at the Physical Therapy Clinic.  Although the employee was somewhat sympathetic to his concerns, Plaintiff realized that she was not going to do anything about his complaints, so he left the premises without attending his appointment.  Plaintiff decided to find a different physical therapist until this clinic was accessible to him.  Even if he had to wait

7

1   for a while to get an appointment at an alternative clinic, it would be better than risking his

2   physical safety if he had to climb and descend the stairs at Active Method Physical Therapy

3   (formerly known as Monclair Physical Therapy).

4       21.     The above referenced barriers to access are listed without prejudice to Plaintiff

5   citing additional barriers to access by an amended complaint after inspection by Plaintiff's access

6   consultant. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011); *Doran v. 7-Eleven, Inc.*

7   524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA), Inc.*, 631 F.3d 939 (9th Cir.

8   2011).  All of these barriers to access render the premises inaccessible to physically disabled

9   persons who are mobility impaired, such as Plaintiff, and are barriers Plaintiff may encounter

10  when he returns to the premises.  All facilities must be brought into compliance with all

11  applicable federal and state code requirements, according to proof.

12      22.     The lack of proper handrails violate both federal and California State law.  Per the

13  current 2010 ADA Standards for Accessible Design (ADAS) section 505.3 regarding handrails,

14  "Handrails shall be continuous within the full length of each stair flight or ramp run."  Further,

15  per ADAS 505.10.3, "At the bottom of a stair flight, handrails shall extend at the slope of the stair

16  flight for a horizontal distance at least equal to one tread depth beyond the last riser nosing."  Per

17  California Building Code, Chapter 11B-504.6 and 11B-505.10.2 "At the top of a stair flight,

18  handrails shall extend horizontally above the landing for 12 inches (305 mm) minimum beginning

19  directly above the first riser nosing. Extensions shall return to a wall, guard, or the landing

20  surface, or shall be continuous to the handrail of an adjacent stair flight."  Per California Building

21  Code, Chapter 11B-504.6 and 11B-505.10.3, "At the bottom of a stair flight, handrails shall

22  extend at the slope of the stair flight for a horizontal distance equal to one tread depth beyond the

23  last riser nosing. The horizontal extension of a handrail shall be 12 inches (305 mm) long

24  minimum and a height equal to that of the sloping portion of the handrail as measured above the

25  stair nosings. Extension shall return to a wall, guard, or the landing surface, or shall be continuous

26  to the handrail of an adjacent stair flight."

27      23.     Further, each and every violation of the Americans with Disabilities Act of 1990

28  also constitutes a separate and distinct violation of California Civil Code section 54(c) and

8

54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code sections 54.3 and 55.

24.    **INJUNCTIVE RELIEF:**  Plaintiff seeks injunctive relief to prohibit the acts and omissions of Defendants as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled from full and equal access to these public facilities.  Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second-class citizen and serve to discriminate against him on the sole basis that he is a person with disabilities who requires the use of a cane or other assistive device for movement in public places.

25.    Plaintiff is deterred from returning to use these facilities, because the lack of access will foreseeably cause him further difficulty, discomfort and embarrassment, and Plaintiff is unable, so long as such acts and omissions of Defendants continue, to achieve equal access to and use of these public facilities.  Therefore, Plaintiff cannot return to use the Physical Therapy Clinic and its facilities and is deterred from further patronage until these facilities are made properly accessible for disabled persons, including Plaintiff and other mobility disabled persons. Plaintiff contends that he intends to return to be treated at the Physical Therapy Clinic once it is made accessible, as it is conveniently located near his home.

26.    The acts of Defendants have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.  Plaintiff seeks injunctive relief as to all inaccessible areas of the premises that he has personally encountered, and, as to all areas identified during this litigation by Plaintiff's access consultant, that he or other physically disabled persons may encounter in the future. *Doran v. 7-Eleven, Inc.,* 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA)*, *Inc.*, 631 F. 3d 939 (9th Cir. 2011); *Oliver v. Ralphs Grocery* Co., 654 F.3d 903 (9th Cir. 2011).   As to those of the Defendants that currently own, operate, and/or lease (from or to) the subject premises, Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices and barriers that deny full and equal access for disabled persons, and for reasonable statutory attorney fees, litigation

9

1  expenses and costs.

2        27.    Wherefore Plaintiff asks this Court to preliminarily and permanently enjoin any

3  continuing refusal by Defendants to grant full and equal access to Plaintiff in the ways

4  complained of and to require Defendants to comply forthwith with the applicable statutory

5  requirements relating to access for disabled persons.  Such injunctive relief is provided by

6  California Health & Safety Code section 19953 and California Civil Code section 55, California

7  Business & Professions Code sections 17200 *et seq*., and other law.  Plaintiff further requests that

8  the Court award damages pursuant to Civil Code section 54.3 and other law and attorney fees,

9  litigation expenses, and costs pursuant to Health & Safety Code section 19953, Civil Code

10  sections 54.3 and 55, Code of Civil Procedure section 1021.5 and other law, all as hereinafter

11  prayed for.

12        28.    **DAMAGES:**  As a result of the denial of full and equal access to the described

13  facilities and due to the acts and omissions of Defendants and each of them in owning, operating,

14  leasing, constructing, altering, and maintaining the subject facilities, Plaintiff has suffered a

15  violation of his civil rights, including but not limited to rights under Civil Code sections 54 and

16  54.1, and has suffered difficulty, discomfort and embarrassment, and physical, mental and

17  emotional personal injuries, all to his damages per Civil Code section 54.3, including general and

18  statutory damages, and treble damages, as hereinafter stated.  Defendants' actions and omissions

19  to act constitute discrimination against Plaintiff on the basis that he was and is physically disabled

20  and unable, because of the architectural and other barriers created and/or maintained by the

21  Defendants in violation of the subject laws, to use the public facilities on a full and equal basis as

22  other persons.  The violations have deterred Plaintiff from returning to attempt to patronize the

23  Physical Therapy Clinic and will continue to cause him damages each day these barriers to access

24  continue to be present.

25        29.    **TREBLE DAMAGES:**  Plaintiff has been damaged by Defendants' wrongful

26  conduct and seeks the relief that is afforded by Civil Code sections 54, 54.1, and 54.3.  At all

27  times herein mentioned, Defendants were fully aware that significant numbers of potential users

28  of their public facilities were and are and will be physically disabled persons, including mobility-

impaired persons, and would have need of facilities that complied with California Title 24 and ADAAG standards for accessible facilities.  Despite this knowledge, Defendants installed and maintained the physical barriers complained of, and failed to remove these barriers, and have failed to provide properly accessible facilities, including but not limited to those previously noted hereinabove, as required by state and federal law.  On information and belief, Defendants have ignored complaints about the lack of proper disabled access by Plaintiff and by other disabled persons.  Defendants have continued their illegal and discriminatory practices despite actual knowledge that persons with physical mobility disabilities may attempt to patronize the subject Physical Therapy Clinic and encounter illegal barriers which deny them full and equal access when they do so.

30.     At all times herein mentioned, Defendants knew, or in the exercise of reasonable diligence should have known, that their barriers and practices at the subject facilities violated disabled access requirements and standards, and would have a discriminatory effect upon Plaintiff and upon other physically disabled persons, but Defendants have failed to rectify the violations, and presently continue a course of conduct of maintaining architectural and policy barriers that discriminate against Plaintiff and similarly situated disabled persons.  For the foregoing reasons, Plaintiff alleges that an award of statutory treble damages is appropriate.

31.     **FEES AND COSTS:**  As a result of Defendants' acts, omissions, and conduct, Plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses, and costs, pursuant to the provisions of Civil Code sections 54.3 and 55, and California Health & Safety Code section 19953.  Additionally, Plaintiff's lawsuit is intended to require that Defendants make their facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter stated.

**SECOND CAUSE OF ACTION:**
**VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE**
**SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITIES ACT AS**
**INCORPORATED**
**BY CIVIL CODE SECTION 51(f)**

32.     Plaintiff re-pleads and incorporates by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 31 of this Complaint and incorporates them herein as if separately re-pleaded.

33.     At all times relevant to this complaint, California Civil Code section 51 has provided that physically disabled persons are free and equal citizens of the state, regardless of medical condition or disability:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, *disability, or medical condition* are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Civil Code § 51(b). [Emphasis added.]

34.     California Civil Code section 52 provides that the discrimination by Defendants against Plaintiff on the basis of his disability constitutes a violation of the general anti-discrimination provisions of sections 51 and 52.

35.     Each of Defendants' discriminatory acts or omissions constitutes a separate and distinct violation of California Civil Code section 52, which provides that:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

36.     Any violation of the Americans with Disabilities Act of 1990 also constitutes a violation of California Civil Code section 51(f), thus independently justifying an award of damages and injunctive relief pursuant to California law, including Civil Code section 52.  Per Civil Code section 51(f), "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

37.     The actions and omissions of Defendants as herein alleged constitute a denial of

12

1  access to and use of the described public facilities by physically disabled persons within the

2  meaning of California Civil Code sections 51 and 52.  As a proximate result of Defendants'

3  action and omissions, Defendants have discriminated against Plaintiff in violation of Civil Code

4  sections 51 and 52, and are responsible for statutory, compensatory and treble damages to

5  Plaintiff, according to proof.

6       38.    **FEES AND COSTS:**  As a result of Defendants' acts, omissions and conduct,

7  Plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by

8  statute in order to enforce Plaintiff's rights and to enforce provisions of law protecting access for

9  disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore

10 seeks recovery of all reasonable attorney fees, litigation expenses and costs pursuant to the

11 provisions of California Civil Code sections 51 and 52.  Additionally, Plaintiff's lawsuit is

12 intended to require that Defendants make their facilities and policies accessible to all disabled

13 members of the public, justifying "public interest" attorney fees, litigation expenses and costs

14 pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other

15 applicable law.

16       WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter

17 stated.

18

19                   **THIRD CAUSE OF ACTION:**
                   **VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
20                   **42 USC §§ 12101 *et seq***

21       39.    Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein,

22 the allegations contained in Paragraphs 1 through 38 of this Complaint and incorporates them

23 herein as if separately re-pleaded.

24       40.    In 1990 the United States Congress made findings that laws were needed to more

25 fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;"

26 that "historically, society has tended to isolate and segregate individuals with disabilities;" that

27 "such forms of discrimination against individuals with disabilities continue to be a serious and

28 pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities

are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous..." 42 U.S.C. §12101.

41.     Plaintiff is a qualified individual with a disability as defined in the Rehabilitation Act and in the Americans with Disabilities Act of 1990.

42.     In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"), Congress stated as its purpose:

It is the purpose of this Act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 USC § 12101(b).

43.     As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC § 12181 *et seq.*).  The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, which includes but is not limited to any "professional office of a health care provider" (42 USC § 12181(7)(F)).

44.     The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182  The specific prohibitions against discrimination include, but are not limited to the following:

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

§ 12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq*.

45.    The removal of each of the physical barriers complained of by Plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of sections 12181 and 12182 of the ADA.  As noted hereinabove, removal of each and every one of the architectural and/or policy barriers complained of herein were already required under California law.  Further, on information and belief, alterations, structural repairs or additions since January 26, 1993, have also independently triggered requirements for removal of barriers to access for disabled persons per section 12183 of the ADA.  In the event that removal of any barrier is found to be "not readily achievable," Defendants still violated the ADA, per section 12182(b)(2)(A)(v) by failing to provide all goods, services, privileges, advantages and

accommodations through alternative methods that were "readily achievable."

46.     On information and belief, as of the dates of Plaintiff's encounters at the premises and as of the filing of this Complaint, Defendants' actions, policies, and physical premises have denied and continue to deny full and equal access to Plaintiff and to other mobility disabled persons in other respects, which violate Plaintiff's right to full and equal access and which discriminate against Plaintiff on the basis of his disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of 42 U.S.C. sections 12182 and 12183 of the ADA.

47.     Defendants' actions continue to deny Plaintiff's rights to full and equal access by deterring Plaintiff from patronizing this Physical Therapy Clinic as often as he would like and discriminated and continue to discriminate against him on the basis of his disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of Defendants' goods, services, facilities, privileges, advantages and accommodations, in violation of section 12182 of the ADA. 42 U.S.C. § 12182.

48.     Pursuant to the Americans with Disabilities Act, 42 U.S.C. sections 12188 *et seq.,* Plaintiff JAYSON KINCAID is entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of his disabilities in violation of sections 12182 and 12183 of this title. On information and belief, Defendants have continued to violate the law and deny the rights of Plaintiff and other disabled persons to "full and equal" access to this public accommodation since on or before Plaintiff's encounters.  Pursuant to section 12188(a)(2)

> [i]n cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title.  Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this title.

49.     Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990.  Plaintiff JAYSON KINCAID is a

16

1    qualified disabled person for purposes of section 12188(a) of the ADA who is being subjected to

2    discrimination on the basis of disability in violation of Title III and who has reasonable grounds

3    for believing he will be subjected to such discrimination each time that he may use the property

4    and premises, or attempt to patronize this Physical Therapy Clinic, in light of Defendants'

5    policies and physical premises barriers.

6           WHEREFORE, Plaintiff requests relief as outlined below.

7                                            **PRAYER**

8           Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this

9    Complaint.  Plaintiff has suffered and will continue to suffer irreparable injury as a result of the

10   unlawful acts, omissions, policies, and practices of the Defendants as alleged herein, unless

11   Plaintiff is granted the relief he requests.  Plaintiff and Defendants have an actual controversy and

12   opposing legal positions as to Defendants' violations of the laws of the United States and the

13   State of California. The need for relief is critical because the rights at issue are paramount under

14   the laws of the United States and the State of California.

15          WHEREFORE, Plaintiff JAYSON KINCAID prays for judgment and the following

16   specific relief against Defendants:

17          1.      Issue a preliminary and permanent injunction directing Defendants as current

18   owners, operators, lessors, and/or lessees of the subject property and premises to modify the

19   above described property, premises, policies and related facilities to provide full and equal access

20   to all persons, including persons with physical disabilities; and issue a preliminary and permanent

21   injunction pursuant to ADA section 12188(a) and state law directing Defendants to provide

22   facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide

23   full and equal access, as required by law, and to maintain such accessible facilities once they are

24   provided; to cease any discriminatory policies, and to train Defendants' employees and agents in

25   how to recognize disabled persons and accommodate their rights and needs;

26          2.      Retain jurisdiction over the Defendants until such time as the Court is satisfied that

27   Defendants' unlawful policies, practices, acts and omissions, and maintenance of physically

28   inaccessible public facilities and policies as complained of herein no longer occur, and cannot

17

1    recur;

2         3.       Award to Plaintiff all appropriate damages, including but not limited to statutory

3    damages, general damages, and treble damages in amounts within the jurisdiction of the Court, all

4    according to proof;

5         4.       Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and

6    costs of this proceeding as provided by law;

7         5.       Award prejudgment interest pursuant to Civil Code section 3291; and

8         6.       Grant such other and further relief as this Court may deem just and proper.

9    Date: March 11, 2020                                    REIN & CLEFTON

10

11                                                           ____/s/ Aaron Clefton____
                                                             By AARON CLEFTON, Esq.
12                                                           Attorney for Plaintiff
                                                             JAYSON KINCAID
13

14                                    **JURY DEMAND**

15        Plaintiff hereby demands a trial by jury for all claims for which a jury is permitted.

16

17   Date: March 11, 2020                                    REIN & CLEFTON

18

19                                                           ____/s/ Aaron Clefton____
                                                             By AARON CLEFTON, Esq.
20                                                           Attorney for Plaintiff
                                                             JAYSON KINCAID
21

22

23

24

25

26

27

28

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES